```
RECEIPT #_____
AMOUNT $   750
SUMMONS ISSUED  X
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.   P
DATE   6-2-04
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN -2  A 11: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

STEPHEN GASCOIGNE AND KELLY )
GASCOIGNE, INDIVIDUALLY, AND )
AS MOTHER AND NEXT FRIEND OF )
AD.G. AND AB.G., BOTH MINORS, )
)
    Plaintiffs, )
)
vs. )
)
PLEASANT BAY GROUP, INC., d/b/a )
THE WEQUASSETT INN RESORT )
AND GOLF CLUB )
)
    Defendant. )
)

C.A. NO. 03-_____

04   1 1 1 ___

MAGISTRATE JUDGE _____

## COMPLAINT AND JURY CLAIM UNDER 28 U.S.C. §1332(a)(1)
### (DIVERSITY JURISDICTION)

### I. JURISDICTION AND VENUE

1. This is a diversity action for bodily injury and other damages pursuant to 28 U.S.C. § 1332(a)(1) between Plaintiffs, who are residents of and domiciled in Montana, and Pleasant Bay Group, Inc., (hereinafter, PBG), a corporate defendant whose state of incorporation is Massachusetts and whose principal place of business is located at Wequassett Inn Resort and Golf Club, Route 28, Pleasant Bay, Harwich [Chatham], Massachusetts 02645.

2. This action arises from tortious and other conduct by the employees, servants, agents and/or officers of PBG within the Commonwealth of Massachusetts on or about July 6, 2001, at the Wequassett Inn Resort and Golf Club (hereinafter, the WEQUASSETT INN) on Pleasant Bay, Harwich [Chatham], Barnstable County, Massachusetts. The amount in controversy exceeds,

exclusive of interest and costs, the seventy-five thousand ($75,000.00) dollar jurisdictional minimum specified by 28 U.S.C. § 1332(a)(1).

3. At all times material to this action, the Defendant PBG owned, operated, managed, and staffed the WEQUASSETT INN.

4. The Plaintiffs Stephen and Kelly Gascoigne attended the July 6, 2001 wedding of Scott Dien and Rebecca Dupont, both California residents and domiciliaries, at the WEQUASSETT INN, as well as the dinner/reception which followed. As a result of improper food handling practices on the part of the employees, servants, agents, and other workers of the Defendant PBG, a Salmonella outbreak occurred, causing the Plaintiff Stephen Gascoigne to become violently ill and to develop reactive arthritis, a progressively crippling and debilitating arthritic process for which there is no present cure.

5. In accordance with the provision of 28 U.S.C. § 1332(c)(1) and 28 U.S.C. § 1391(a)(1)-(3), venue is proper in this Court because jurisdiction in this case is founded exclusively on diversity of citizenship, and because this is the judicial district in which the Defendant PBG is incorporated, the judicial district in which the Defendant PBG has its principal place of business, the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a judicial district in which the Defendant PBG is subject to personal jurisdiction at the time this action is commenced.

## II. THE PARTIES

6. The Plaintiff Stephen Gascoigne is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana.

7. The Plaintiff Kelly Gascoigne is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana.

8. At all times material to this action, the Plaintiffs Stephen Gascoigne and Kelly Gascoigne were and remain husband and wife.

9. The Plaintiff Ad.G. is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana. Ad.G. is a minor.

10. The Plaintiff Ab.G. is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana. Ab.G. is a minor.

11. The Plaintiffs Stephen Gascoigne and Kelly Gascoigne are the natural and biological parents of the minor Plaintiffs Ad.G. and Ab.G..

12. The Defendant PBG is a Massachusetts corporation with its principal place of business at the WEQUASSETT INN on Pleasant Bay, Harwich [Chatham], Barnstable County, Massachusetts. At all times material to this action, the Defendant PBG was doing business as the WEQUASSETT INN. At all times material to this action, the Defendant PBG owned, operated, managed, and staffed the WEQUASSETT INN.

### III. GENERAL FACTUAL ALLEGATIONS

13. The Massachusetts Department of Public Health (hereinafter, MPH) and the Harwich Board of Health (hereinafter, HBOH) investigated the Salmonella outbreak at the WEQUASSETT INN which resulted from the events of July 6, 2001. MPH and HBOH conducted a statistical analysis of stool samples obtained from and questionnaires completed by a large number of the Dien-Dupont wedding guests and participants. MPH and HBOH determined that the strain of Salmonella involved was Salmonella enteritidis. MPH and HBOH concluded that the béarnaise sauce that was prepared and served on July 6, 2001, at the dinner/reception was made wholly or in part with unpasteurized eggs contaminated with Salmonella enteritidis. An alternative explanation

3

suggested by the MPH and HBOH was that at least three of the WEQUASSETT INN food handlers at the event were already infected with Salmonella enteritidis bacteria and that these food handlers contaminated the food for the dinner/reception, including the béarnaise sauce, as it was being prepared and served. This phenomenon of transmission is known as cross-contamination.

## IV. FIRST CAUSE OF ACTION

(Stephen Gascoigne vs. PBG - Breach of Warranty)

14. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Thirteen above, and further allege the following:

15. All conditions precedent with respect to this cause of action have been performed or have occurred.

16. In accordance with the provisions of Mass. G.L. c. 106, § 2-314(1), the sale or serving for value of food and drink, whether to be consumed on the premises or elsewhere, created an implied warranty of merchantability and an implied warranty of fitness for a particular purpose within the Commonwealth of Massachusetts.

17. The Defendant PBG, acting through its employees, servants, agents, workers, and officers, breached these implied warranties as the food served to and consumed by the Plaintiff Stephen Gascoigne at the Dien-Dupont wedding was not of fair and average quality and was not fit for the ordinary purposes for which food such as that was used or intended.

18. As a direct and proximate result of consuming adulterated contaminated, tainted, unfit, and Salmonella infected food at the Dien-Dupont wedding served to him and prepared by the employees, servants, agents, workers, and officers of the Defendant PBG, the Plaintiff Stephen Gascoigne became seriously ill and ultimately developed reactive arthritis.

19. As a direct and proximate result of the conduct of the employees, servants, agents, workers, and officers of the Defendant PBG, the Plaintiff Stephen Gascoigne was severely injured and incurred monetary damages. The injuries of the Plaintiff include, but are not limited to, physical, emotional, and mental injuries, some or all of which are permanent in nature. The Plaintiff has incurred in the past, and will incur in the future, substantial medical, hospital, and other expenses for medical care and treatment. He has lost the capacity to enjoy life. He has in the past and will in the future experience physical pain and suffering and mental anguish on account of his injuries. The Plaintiff has in the past and will in the future suffer an impairment of his earning capacity as a direct and proximate result of the injuries he received. He has in the past and will in the future suffer humiliation and embarrassment as a result of his injuries.

WHEREFORE, the Plaintiff Stephen Gascoigne demands that his monetary damages be determined, and that judgment be entered in his favor against the Defendant Pleasant Bay Group, Inc. in the amount of $2,000,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

### V. SECOND CAUSE OF ACTION

(Stephen Gascoigne vs. PBG - Negligence)

20. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Nineteen above, and further allege the following:

21. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care with respect to the purchase, preparation, storage, handling, delivery, offering, and service of its food and beverage products and their ingredients served, offered or sold at the WEQUASSETT INN.

22. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care to prevent the purchase, preparation, storage, handling, delivery, service, and consumption of adulterated, contaminated, and offending food and beverage products served, offered or sold, at the WEQUASSETT INN.

23. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care to utilize and have in place sanitary washing, cleaning, trimming, sorting, mixing, preparing, cooking, storing, and serving methods, procedures, and policies designed or intended to prevent the adulteration or contamination of the food and beverage products served, offered or sold at the WEQUASSETT INN.

24. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care to instruct and train its employees, servants, agents, workers, and officers as to the methods, procedures, and policies that were to be utilized and followed at the WEQUASSETT INN to prevent the adulteration or contamination of the food and beverage products served, offered or sold there.

25. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care to inspect, observe, monitor, and supervise its employees, servants, agents, workers, and officers at the WEQUASSETT INN to determine and make certain that its methods, procedures, and policies were being followed, obeyed, and adhered to.

26. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care to interview, evaluate, observe, test, inspect, and examine its employees, servants, agents, workers, and officers at the WEQUASSETT INN to make certain that they were free from any disease, medical condition, ailment or illness which would taint, adulterate or contaminate the food and beverage products served, offered or sold there.

27. The Defendant PBG owed the Plaintiff Stephen Gascoigne a duty of reasonable care to serve and offer him food and beverages at the WEQUASSETT INN which was fit for human consumption and free from Salmonella.

28. The Defendant PBG, acting through its employees, servants, agents, workers, and officers negligently breached the duty of care it owed to the Plaintiff Stephen Gascoigne.

29. As a direct and proximate result of the negligence of the Defendant PBG, the Plaintiff Stephen Gascoigne was served and offered food and beverages at the WEQUASSETT INN which was tainted, adulterated, contaminated, and Salmonella infected, rendering it unfit for human consumption.

30. As a direct and proximate result of the negligence of the Defendant PBG, the Plaintiff Stephen Gascoigne consumed food and beverages at the WEQUASSETT INN which was tainted, adulterated, contaminated, and Salmonella infected, rendering it unfit for human consumption.

31. As a direct and proximate result of consuming adulterated contaminated, tainted, unfit, and Salmonella infected food at the Dien-Dupont wedding served to him and prepared by the employees, servants, agents, workers, and officers of the Defendant PBG, the Plaintiff Stephen Gascoigne became seriously ill and ultimately developed reactive arthritis.

32. As a direct and proximate result of the negligent conduct of the employees, servants, agents, workers, and officers of the Defendant PBG, the Plaintiff Stephen Gascoigne was severely injured and incurred monetary damages. The injuries of the Plaintiff include, but are not limited to, physical, emotional, and mental injuries, some or all of which are permanent in nature. The Plaintiff has incurred in the past, and will incur in the future, substantial medical, hospital, and other expenses for medical care and treatment. He has lost the capacity to enjoy life. He has in the past and will in the future experience physical pain and suffering and mental anguish on

account of his injuries. The Plaintiff has in the past and will in the future suffer an impairment of his earning capacity as a direct and proximate result of the injuries he received. He has in the past and will in the future suffer humiliation and embarrassment as a result of his injuries.

WHEREFORE, the Plaintiff Stephen Gascoigne demands that his monetary damages be determined, and that judgment be entered in his favor against the Defendant Pleasant Bay Group, Inc. in the amount of $2,000,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## VI. THIRD CAUSE OF ACTION

(Kelly Gascoigne vs. PBG - Loss of Consortium)

33. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Thirty-Two above, and further allege the following:

34. As a direct and proximate result of the conduct of the Defendant PBG, and the injuries suffered by her husband, the Plaintiff Kelly Gascoigne has lost in the past and will lose in the future suffer the loss of the consortium, society, companionship, comfort, services, protection, care, guidance, and advice of the Plaintiff Stephen Gascoigne.

WHEREFORE, the Plaintiff Kelly Gascoigne demands that her monetary damages be determined, and that judgment be entered in her favor against the Defendant Pleasant Bay Group, Inc. in the amount of $250,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## VII. <u>FOURTH CAUSE OF ACTION</u>

(Ad.G., a minor by her mother and

next friend Kelly Gascoigne v. PBG - Loss of Consortium)

35. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Thirty-Four above, and further allege the following:

36. As a direct and proximate result of the conduct of the Defendant PBG, and the injuries suffered by her father, the Plaintiff Ad.G. has lost in the past and will lose in the future suffer the loss of the consortium, society, companionship, comfort, services, protection, care, guidance, and advice of the Plaintiff Stephen Gascoigne.

WHEREFORE, the Plaintiff Ad.G. demands that her monetary damages be determined, and that judgment be entered in her favor against the Defendant Pleasant Bay Group, Inc. in the amount of $125,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## VIII. <u>FIFTH CAUSE OF ACTION</u>

(Ab.G., a minor by her mother and

next friend Kelly Gascoigne v. PBG - Loss of Consortium)

37. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Thirty-Six above, and further allege the following:

38. As a direct and proximate result of the conduct of the Defendant PBG, and the injuries suffered by her father, the Plaintiff Ab.G. has lost in the past and will lose in the future suffer the loss of the consortium, society, companionship, comfort, services, protection, care, guidance, and advice of the Plaintiff Stephen Gascoigne.

WHEREFORE, the Plaintiff Ab.G. demands that her monetary damages be determined, and that judgment be entered in her favor against the Defendant Pleasant Bay Group, Inc. in the amount of $125,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

JURY CLAIM

The Plaintiffs hereby claim trial by jury of all issues and causes of action which can be tried by jury.

                                                  Donald L. Gibson, Esquire
                                                BBO No. 191030
                                                DRISCOLL & GIBSON
                                                1000 Plain Street
                                                Marshfield, MA 02050
                                                781-837-6115
                                                Attorneys for the Plaintiffs,
                                                     Stephen Gascoigne And Kelly Gascoigne,
                                                     Individually, And As Mother And Next
                                                     Friend Of Ad.G. And Ab.G, Both Minors

Dated: June 1, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stephen Gascoigne and Kelly Gascoigne, individually and as Mother and Next Friend of Ad.G. and Ab.G., both Minors

**DEFENDANTS**
Pleasant Bay Group, Inc., d/b/a The Wequassett Inn Resort and Golf Club

(b) County of Residence of First Listed Plaintiff **Flathead Cty, MT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Barnstable Cty, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Donald L. Gibson, Esquire  (781) 837-6115
DRISCOLL & GIBSON
1000 Plain Street
Marshfield, MA 02050

Attorneys (If Known)

FILED IN CLERKS OFFICE 2004 JUN -2 A 11:53 U.S. DISTRICT COURT DISTRICT OF MASS

04 11168 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a 28 U.S.C. §1332(a)(1) diversity action for damages related to salmonella food poisoning/contamination. Causes of action have been plead for breach of warranty, ~~violation of MA consumer protection statute~~, negligence and loss of consortium.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $2,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  N/A
DOCKET NUMBER  N/A

DATE  June 1, 2004
SIGNATURE OF ATTORNEY OF RECORD  /s/ Donald L. Gibson

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Stephen Gascoigne vs. Pleasant Bay Group, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Donald L. Gibson, Esquire**
ADDRESS  **DRISCOLL & GIBSON, 1000 Plain Street, Marshfield, MA  02050**
TELEPHONE NO.  **(781) 837-6115**

(Coversheetlocal.wpd - 10/17/02)