UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN GASCOIGNE AND KELLY GASCOIGNE, INDIVIDUALLY, AND AS MOTHER AND NEXT FRIEND OF AD.G. AND AB.G., BOTH MINORS, <br><br> Plaintiffs, <br><br> vs. <br><br> PLEASANT BAY GROUP, INC., d/b/a THE WEQUASSETT INN RESORT AND GOLF CLUB <br><br> Defendant. | C.A. NO. 04 CV 11168 MLW |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

## I. INTRODUCTION

This case arises from a food poisoning incident that took place on July 6, 2001, at the Wequassett Inn Resort and Golf Club in connection with the wedding of Scott Dien and Rebecca Dupont of La Canada, California. The Massachusetts Department of Public Health (hereinafter "The MDPH") conducted an investigation, which included a statistical analysis of stool samples obtained from and questionnaires completed by a large number of the wedding guests and participants, and determined that incident involved an outbreak of Salmonella enteritidis. The MDPH concluded that a béarnaise sauce that was prepared on July 6, 2001, was made wholly or in part with unpasteurized eggs contaminated with Salmonella enteritidis. An alternative explanation suggested by the MDPH was that at least three of the food handlers at the event were already

infected with Salmonella enteritidis bacteria and that they contaminated the food, including the béarnaise sauce, as it was being prepared or served.

As a result of his exposure to the Salmonella enteritidis bacteria, Plaintiff Stephen Gascoigne first experienced violent diarrhea, abdominal cramping, and a rising fever. Within days thereafter, Plaintiff Stephen Gascoigne developed bloody diarrhea, recurrent abdominal cramping, fever, and overall gastrointestinal upset. In addition, stiffness and swelling appeared in his hands, and he began to suffer pain and discomfort in his wrists, left elbow, and mid back. Subsequently, Plaintiff Stephen Gascoigne was diagnosed with inflammatory or reactive arthritis (Reiter's type), which was caused by the Salmonella enteritidis bacteria.

## II. ARGUMENT

Plaintiffs seek to amend the Complaint in order to add a claim for violations of the Massachusetts Consumer Protection Act (Mass.G.L. c.93A). The Massachusetts Consumer Protection Act prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. As provided by regulations promulgated by the Massachusetts Attorney General, "[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty." 940 C.M.R. § 3.08(2). In addition, 940 C.M.R. § 3.16(3) provides that violation of a statute, rule, regulation or law "meant for the protection of the public's health, safety, or welfare" is a violation of Mass. G.L. c. 93A, § 2. To wit, Mass. G.L. c. 94, § 150, prohibits the selling or offering for food or drink "any diseased animal or product thereof or any tainted, diseased, corrupt, decayed or unwholesome carcass, meat, vegetable, produce, fruit or provisions of any kind" without making the condition of the thing sold or offered for sale fully known to the buyer."

Plaintiffs contend that the conduct of the employees, servants, agents, workers, and officers of Defendant constituted a violation of the Massachusetts Consumer Protection Act as (i) a violation of regulations promulgated by the Attorney General of Massachusetts in accordance with Mass. G.L. c. 93A, § 2(c), (ii) a breach of warranty, (iii) a violation of a statute or law "meant for the protection of the public health, safety, or welfare", (iv) an unfair or deceptive act or practice, and (v) an unfair method of competition.

However, at least thirty days prior to filing a claim for violations of the Massachusetts Consumer Protection Act, a plaintiff must deliver a written demand for relief to the defendant, which identifies the plaintiff and reasonably describes the unfair or deceptive act or practice relied upon and the injury and damages suffered. Mass.G.L. c.93A, §9(3). In the present matter, Plaintiffs' written demand for relief to Defendant Pleasant Bay Group, Inc. was delivered on or about May 28, 2004. Therefore, Plaintiffs were not able to include a claim for violations of the Massachusetts Consumer Protection Act in the original Complaint, which was filed on June 2, 2004.

Although Plaintiffs may only amend the Complaint by leave of court, Fed. R. Civ. P. 15(a) provides that such leave, "shall be freely given when justice so requires." Plaintiffs respectfully contend that, under the circumstances, justice requires that they be allowed to amend their Complaint to add a cause of action for violations of the Massachusetts Consumer Protection Act. Furthermore, Plaintiffs contend that Defendant will not suffer any prejudice if the amendment is permitted. As the Complaint was filed on June 2, 2004 and Defendant filed an Answer on July 1, 2004, this litigation has just begun.

### III. CONCLUSION

For the above-mentioned reasons, Plaintiffs Stephen Gascoigne and Kelly Gascoigne, individually and as mother and next friend of AD.G. and AB.G., respectfully request that the Court enter an Order allowing Plaintiffs to amend the Complaint to assert claims for violations of the Massachusetts Consumer Protection Act (Mass.G.L. c.93A), and to file and serve Plaintiffs' Amended Complaint in the form attached to the Motion submitted herewith.

_____
Donald L. Gibson, Esquire
BBO No. 191030
DRISCOLL & GIBSON
1000 Plain Street
Marshfield, MA 02050
781-837-6115
Attorneys for the Plaintiffs,
Stephen Gascoigne And Kelly Gascoigne,
   Individually, And As Mother And Next
   Friend Of Ad.G. And Ab.G, Both Minors

Dated: July 21, 2004

### CERTIFICATE OF SERVICE

I, Donald L. Gibson, Esquire, hereby certify that I have this 21st day of July, 2004, made service of the within MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT upon counsel of record, in accordance with the provisions of Fed. R. Civ. P. 5, by first class, postage prepaid mail, addressed as follows:

Scott J. Tucker, Esquire
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108

_____
Donald L. Gibson, Esquire