UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN GASCOIGNE AND KELLY GASCOIGNE, INDIVIDUALLY, AND AS MOTHER AND NEXT FRIEND OF AD.G. AND AB.G., BOTH MINORS,<br><br>        Plaintiffs,<br><br>vs.<br><br>WEQUASSETT INN LLP (a registered limited liability partnership, by and through its individual partners), d/b/a THE WEQUASSETT INN RESORT AND GOLF CLUB<br><br>        Defendant. | C.A. NO. 04 CV 11168 JLA |

## SECOND AMENDED COMPLAINT AND JURY CLAIM UNDER 28 U.S.C. §1332(a)(1) (DIVERSITY JURISDICTION)

### I. JURISDICTION AND VENUE

1.   This is a diversity action for bodily injury and other damages pursuant to 28 U.S.C. § 1332(a)(1) between Plaintiffs, who are residents of and domiciled in Montana, and Wequassett Inn LLP (by and through its individual partners) (hereinafter, Wequassett Inn LLP), a Massachusetts registered domestic limited liability partnership whose principal place of business is located at Wequassett Inn Resort and Golf Club, Route 28, Pleasant Bay, Harwich [Chatham], Massachusetts 02645.

2.   This action arises from tortious and other conduct by the employees, servants, agents and/or officers of Wequassett Inn LLP within the Commonwealth of Massachusetts on or about

July 6, 2001, at the Wequassett Inn Resort and Golf Club (hereinafter, the WEQUASSETT INN) on Pleasant Bay, Harwich [Chatham], Barnstable County, Massachusetts. The amount in controversy exceeds, exclusive of interest and costs, the seventy-five thousand ($75,000.00) dollar jurisdictional minimum specified by 28 U.S.C. § 1332(a)(1).

3. At all times material to this action, the Defendant Wequassett Inn LLP owned, operated, managed, and staffed the WEQUASSETT INN.

4. The Plaintiffs Stephen and Kelly Gascoigne attended the July 6, 2001 wedding of Scott Dien and Rebecca Dupont, both California residents and domiciliaries, at the WEQUASSETT INN, as well as the dinner/reception which followed. As a result of improper food handling practices on the part of the employees, servants, agents, and other workers of the Defendant Wequassett Inn LLP, a Salmonella outbreak occurred, causing the Plaintiff Stephen Gascoigne to become violently ill and to develop reactive arthritis, a progressively crippling and debilitating arthritic process for which there is no present cure.

5. In accordance with the provision of 28 U.S.C. § 1332(c)(1) and 28 U.S.C. § 1391(a)(1)-(3), venue is proper in this Court because jurisdiction in this case is founded exclusively on diversity of citizenship, and because this is the judicial district in which the Defendant Wequassett Inn LLP is registered, the judicial district in which the Defendant Wequassett Inn LLP has its principal place of business, the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a judicial district in which the Defendant Wequassett Inn LLP is subject to personal jurisdiction at the time this action is commenced.

## II. THE PARTIES

6. The Plaintiff Stephen Gascoigne is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana.

7. The Plaintiff Kelly Gascoigne is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana.

8. At all times material to this action, the Plaintiffs Stephen Gascoigne and Kelly Gascoigne were and remain husband and wife.

9. The Plaintiff Ad.G. is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana. Ad.G. is a minor.

10. The Plaintiff Ab.G. is an individual who resides at and is domiciled at 450 Hanson Lane, Whitefish, Montana. Ab.G. is a minor.

11. The Plaintiffs Stephen Gascoigne and Kelly Gascoigne are the natural and biological parents of the minor Plaintiffs Ad.G. and Ab.G..

12. The Defendant Wequassett Inn LLP is a Massachusetts registered domestic limited liability partnership with its principal place of business at the WEQUASSETT INN on Pleasant Bay, Harwich [Chatham], Barnstable County, Massachusetts. Upon information and belief, the following individuals and/or entities were partners in said partnership, at all times hereafter referenced:

>   (a)   Mark Novota
>         16 Harcourt Street, Apt 9F
>         Boston, MA
>
>   (b)   James C.A. McClennen
>         35 Sears Road
>         Chatham, MA

   (c)  Pleasant Bay Group, Inc.
      (a Massachusetts domestic profit corporation)
      Wequassett Inn
      Route 28, Pleasant Bay
      Harwich, MA

13. The individuals and corporate entity identified in paragraphs 12(a) through 12(c) are hereby named as defendants herein. However, for simplicity, they are referred to collectively as Wequassett Inn LLP.

14. At all times material to this action, the Defendant Wequassett Inn LLP was doing business as the WEQUASSETT INN. At all times material to this action, the Defendant Wequassett Inn LLP owned, operated, managed, and staffed the WEQUASSETT INN.

### III. GENERAL FACTUAL ALLEGATIONS

15. The Massachusetts Department of Public Health (hereinafter, MPH) and the Harwich Board of Health (hereinafter, HBOH) investigated the Salmonella outbreak at the WEQUASSETT INN which resulted from the events of July 6, 2001. MPH and HBOH conducted a statistical analysis of stool samples obtained from and questionnaires completed by a large number of the Dien-Dupont wedding guests and participants. MPH and HBOH determined that the strain of Salmonella involved was Salmonella enteritidis. MPH and HBOH concluded that the béarnaise sauce that was prepared and served on July 6, 2001, at the dinner/reception was made wholly or in part with unpasteurized eggs contaminated with Salmonella enteritidis. An alternative explanation suggested by the MPH and HBOH was that at least three of the WEQUASSETT INN food handlers at the event were already infected with Salmonella enteritidis bacteria and that these food handlers contaminated the food for the dinner/reception, including the béarnaise sauce, as it was being prepared and served. This phenomenon of transmission is known as cross-contamination.

## IV. FIRST CAUSE OF ACTION

(Stephen Gascoigne vs. Wequassett Inn LLP - Breach of Warranty)

14. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Thirteen above, and further allege the following:

15. All conditions precedent with respect to this cause of action have been performed or have occurred.

16. In accordance with the provisions of Mass. G.L. c. 106, § 2-314(1), the sale or serving for value of food and drink, whether to be consumed on the premises or elsewhere, created an implied warranty of merchantability and an implied warranty of fitness for a particular purpose within the Commonwealth of Massachusetts.

17. The Defendant Wequassett Inn LLP, acting through its employees, servants, agents, workers, and officers, breached these implied warranties as the food served to and consumed by the Plaintiff Stephen Gascoigne at the Dien-Dupont wedding was not of fair and average quality and was not fit for the ordinary purposes for which food such as that was used or intended.

18. As a direct and proximate result of consuming adulterated contaminated, tainted, unfit, and Salmonella infected food at the Dien-Dupont wedding served to him and prepared by the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne became seriously ill and ultimately developed reactive arthritis.

19. As a direct and proximate result of the conduct of the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne was severely injured and incurred monetary damages. The injuries of the Plaintiff include, but are not limited to, physical, emotional, and mental injuries, some or all of which are permanent in nature. The Plaintiff has incurred in the past, and will incur in the future, substantial medical, hospital,

and other expenses for medical care and treatment. He has lost the capacity to enjoy life. He has in the past and will in the future experience physical pain and suffering and mental anguish on account of his injuries. The Plaintiff has in the past and will in the future suffer an impairment of his earning capacity as a direct and proximate result of the injuries he received. He has in the past and will in the future suffer humiliation and embarrassment as a result of his injuries.

WHEREFORE, the Plaintiff Stephen Gascoigne demands that his monetary damages be determined, and that judgment be entered in his favor against the Defendant Wequassett Inn LLP, Inc. in the amount of $2,000,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## IV. SECOND CAUSE OF ACTION

(Stephen Gascoigne vs. Wequassett Inn LLP - Violations of Mass. G.L. c. 93A)

20.  The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Nineteen above, and further allege the following:

21.  All conditions precedent with respect to this cause of action have been performed or have occurred.

22.  Mass. G.L. c. 93A, § 1 et. seq. (the Massachusetts Consumer Protection Act) prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Mass. G.L. c. 93A, § 2(a).

23.  Mass. G.L. c. 93A, § 2(c), authorized the Attorney General of Massachusetts to promulgate rules and regulations interpreting and facilitating the enforcement of Mass. G.L. c. 93A, § 2(a).

24. Pursuant to his statutory authority, the Attorney General of Massachusetts has promulgated numerous regulations interpreting Mass. G.L. c. 93A. Among these are 940 C.M.R. § 3.08(2), which provides that "[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty." As defined in 940 C.M.R. § 3.01, the term "warranty" explicitly includes the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. In addition, 940 C.M.R. § 3.16(3) provides that violation of a statute, rule, regulation or law "meant for the protection of the public's health, safety, or welfare" is a violation of Mass. G.L. c. 93A, § 2.

25. Mass. G.L. c. 94, § 150, prohibits the selling or offering for food or drink "any diseased animal or product thereof or any tainted, diseased, corrupt, decayed or unwholesome carcass, meat, vegetable, produce, fruit or provisions of any kind" without making the condition of the thing sold or offered for sale fully known to the buyer."

26. Mass. G.L. c. 94, § 150 is a statute or law "meant for the protection of the public health, safety, or welfare."

27. At all times material to this action, the Defendant Wequassett Inn LLP was engaged in trade or commerce within the Commonwealth of Massachusetts.

28. The conduct of the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP as described throughout this Complaint constitutes (i) a violation of regulations promulgated by the Attorney General of Massachusetts in accordance with Mass. G.L. c. 93A, § 2(c), (ii) a breach of warranty, (iii) a violation of a statute or law "meant for the protection of the public health, safety, or welfare", (iv) an unfair or deceptive act or practice, and (v) an unfair method of competition.

29. The conduct of the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP as described throughout this Complaint constitutes a violation of Mass. G.L. c. 93A, § 2.

30. The Plaintiff Stephen Gascoigne is a person who is aggrieved by the Defendant Wequassett Inn LLP's violation of Mass. G.L. c. 93A, § 2.

31. At least thirty days prior to the filing of this action, a written demand for relief, identifying the Plaintiff Stephen Gascoigne and reasonably describing the unfair or deceptive act or practice relied upon and the injury and damages he suffered was mailed and delivered to James McClennan, who is a partner in the Defendant Wequassett Inn LLP, in accordance with Mass. G.L. c. 93A, § 9(3).

32. The Defendant Wequassett Inn LLP has failed to tender a reasonable offer of settlement.

33. As a direct and proximate result of the Defendant Wequassett Inn LLP's violation of Mass. G.L. c. 93A, § 2, the Plaintiff Stephen Gascoigne has been injured and has suffered monetary loss.

34. The refusal of the Defendant Wequassett Inn LLP to tender a reasonable offer of settlement was made in bad faith with knowledge of or reason to know that the acts of the Defendant Wequassett Inn LLP violated Mass. G.L. c. 93A, § 2.

WHEREFORE, the Plaintiff Stephen Gascoigne respectfully requests this Court to: (a) enter judgment for the Plaintiff Stephen Gascoigne and against the Defendant Wequassett Inn LLP; (b) award damages to the Plaintiff Stephen Gascoigne in an amount determined by the Court; (c) double or treble that amount as provided by Mass. G.L. c. 93A, § 9(3); (d) award

interest, costs, and attorney's fees; and (e) award such other relief as this Court deems just and proper under state and federal law.

## V. THIRD CAUSE OF ACTION

(Stephen Gascoigne vs. Wequassett Inn LLP - Negligence)

35. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Thirty-Four above, and further allege the following:

36. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care with respect to the purchase, preparation, storage, handling, delivery, offering, and service of its food and beverage products and their ingredients served, offered or sold at the WEQUASSETT INN.

37. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care to prevent the purchase, preparation, storage, handling, delivery, service, and consumption of adulterated, contaminated, and offending food and beverage products served, offered or sold, at the WEQUASSETT INN.

38. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care to utilize and have in place sanitary washing, cleaning, trimming, sorting, mixing, preparing, cooking, storing, and serving methods, procedures, and policies designed or intended to prevent the adulteration or contamination of the food and beverage products served, offered or sold at the WEQUASSETT INN.

39. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care to instruct and train its employees, servants, agents, workers, and officers as to the methods, procedures, and policies that were to be utilized and followed at the WEQUASSETT

INN to prevent the adulteration or contamination of the food and beverage products served, offered or sold there.

40. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care to inspect, observe, monitor, and supervise its employees, servants, agents, workers, and officers at the WEQUASSETT INN to determine and make certain that its methods, procedures, and policies were being followed, obeyed, and adhered to.

41. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care to interview, evaluate, observe, test, inspect, and examine its employees, servants, agents, workers, and officers at the WEQUASSETT INN to make certain that they were free from any disease, medical condition, ailment or illness which would taint, adulterate or contaminate the food and beverage products served, offered or sold there.

42. The Defendant Wequassett Inn LLP owed the Plaintiff Stephen Gascoigne a duty of reasonable care to serve and offer him food and beverages at the WEQUASSETT INN which was fit for human consumption and free from Salmonella.

43. The Defendant Wequassett Inn LLP, acting through its employees, servants, agents, workers, and officers negligently breached the duty of care it owed to the Plaintiff Stephen Gascoigne.

44. As a direct and proximate result of the negligence of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne was served and offered food and beverages at the WEQUASSETT INN which was tainted, adulterated, contaminated, and Salmonella infected, rendering it unfit for human consumption.

45. As a direct and proximate result of the negligence of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne consumed food and beverages at the WEQUASSETT INN

which was tainted, adulterated, contaminated, and Salmonella infected, rendering it unfit for human consumption.

46. As a direct and proximate result of consuming adulterated contaminated, tainted, unfit, and Salmonella infected food at the Dien-Dupont wedding served to him and prepared by the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne became seriously ill and ultimately developed reactive arthritis.

47. As a direct and proximate result of the negligent conduct of the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne was severely injured and incurred monetary damages. The injuries of the Plaintiff include, but are not limited to, physical, emotional, and mental injuries, some or all of which are permanent in nature. The Plaintiff has incurred in the past, and will incur in the future, substantial medical, hospital, and other expenses for medical care and treatment. He has lost the capacity to enjoy life. He has in the past and will in the future experience physical pain and suffering and mental anguish on account of his injuries. The Plaintiff has in the past and will in the future suffer an impairment of his earning capacity as a direct and proximate result of the injuries he received. He has in the past and will in the future suffer humiliation and embarrassment as a result of his injuries.

WHEREFORE, the Plaintiff Stephen Gascoigne demands that his monetary damages be determined, and that judgment be entered in his favor against the Defendant Wequassett Inn LLP, Inc. in the amount of $2,000,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## VI. FOURTH CAUSE OF ACTION

(Kelly Gascoigne vs. Wequassett Inn LLP - Loss of Consortium)

48. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Forty-Eight above, and further allege the following:

49. As a direct and proximate result of the conduct of the Defendant Wequassett Inn LLP, and the injuries suffered by her husband, the Plaintiff Kelly Gascoigne has lost in the past and will lose in the future suffer the loss of the consortium, society, companionship, comfort, services, protection, care, guidance, and advice of the Plaintiff Stephen Gascoigne.

WHEREFORE, the Plaintiff Kelly Gascoigne demands that her monetary damages be determined, and that judgment be entered in her favor against the Defendant Wequassett Inn LLP, Inc. in the amount of $250,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## VII. FIFTH CAUSE OF ACTION

(Ad.G., a minor by her mother and

next friend Kelly Gascoigne v. Wequassett Inn LLP - Loss of Consortium)

50. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Forty-Nine above, and further allege the following:

51. As a direct and proximate result of the conduct of the Defendant Wequassett Inn LLP, and the injuries suffered by her father, the Plaintiff Ad.G. has lost in the past and will lose in the future suffer the loss of the consortium, society, companionship, comfort, services, protection, care, guidance, and advice of the Plaintiff Stephen Gascoigne.

WHEREFORE, the Plaintiff Ad.G. demands that her monetary damages be determined, and that judgment be entered in her favor against the Defendant Wequassett Inn LLP, Inc. in the amount of $125,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## VIII. SIXTH CAUSE OF ACTION

(Ab.G., a minor by her mother and

next friend Kelly Gascoigne v. Wequassett Inn LLP - Loss of Consortium)

52. The Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs One through Fifty-One above, and further allege the following:

53. As a direct and proximate result of the conduct of the Defendant Wequassett Inn LLP, and the injuries suffered by her father, the Plaintiff Ab.G. has lost in the past and will lose in the future suffer the loss of the consortium, society, companionship, comfort, services, protection, care, guidance, and advice of the Plaintiff Stephen Gascoigne.

WHEREFORE, the Plaintiff Ab.G. demands that her monetary damages be determined, and that judgment be entered in her favor against the Defendant Wequassett Inn LLP, Inc. in the amount of $125,000.00, plus costs, expenses, interest and attorney's fees, and any other elements of recovery authorized by state and federal law.

## JURY CLAIM

The Plaintiffs hereby claim trial by jury of all issues and causes of action which can be tried by jury.

                    /s/ Donald L. Gibson
                    _____
Donald L. Gibson, Esquire
BBO No. 191030
DRISCOLL & GIBSON
1000 Plain Street
Marshfield, MA 02050
781-837-6115
Attorneys for the Plaintiffs,
    Stephen Gascoigne And Kelly Gascoigne,
    Individually, And As Mother And Next
    Friend Of Ad.G. And Ab.G, Both Minors

Dated: December 14, 2004