UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


STEPHEN GASCOIGNE and
KELLY GASCOIGNE INDIVIDUALLY,
and as Mother and Next Friend of
AD.G and AB.G., Both minors,
                        Plaintiffs,

v.                                             C.A. NO. 04 CV 11168 - JLA

WEQUASSETT INN LLP d/b/a
THE WEQUASSETT INN RESORT
AND GOLF CLUB,
                        Defendant.


## ANSWER TO SECOND AMENDED COMPLAINT AND JURY CLAIM

### I. JURISDICTION AND VENUE

1. The Defendant admits the allegations contained in this Paragraph.
2. The Defendant denies the allegations contained in this Paragraph.
3. The Defendant admits the allegations contained in this Paragraph.
4. The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this Paragraph and calls upon the Plaintiffs to prove same. The Defendant denies the remaining allegations contained in the first sentence of this Paragraph.
5. The Defendant admits the allegations contained in the second sentence of this Paragraph.

### II. THE PARTIES

6. The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and calls upon the Plaintiffs to prove same.
7. The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and calls upon the Plaintiffs to prove same.

8.  The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and calls upon the Plaintiffs to prove same.
9.  The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and calls upon the Plaintiffs to prove same.
10. The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and calls upon the Plaintiffs to prove same.
11. The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and calls upon the Plaintiffs to prove same.
12. The Defendant admits the allegations contained in this Paragraph.
13. No response to this Paragraph is required as it does not contain any allegations of fact.
14. The Defendant admits the allegations contained in the Paragraph.

### III. GENERAL FACTUAL ALLEGATIONS

15. The Defendant admits the Massachusetts Department of Public Health and the Harwich Board of Health investigated the incident and that each has prepared reports that include certain data and assumptions and conclusions. The Defendant admits that the investigations did not lead to a conclusion, to a reasonable degree of certainty as to the source of any disease that the plaintiffs or others may have been exposed to.

### IV. FIRST CAUSE OF ACTION

14. The Defendant repeats and reavers its answers to Paragraphs 1-15 as if specifically set forth herein.
15. The Defendant denies the allegations contained in this Paragraph.
16. The Defendant answers that the statute speaks for itself and admits that it sold and served for value food and drink to the plaintiffs and their guests.

17. The Defendant denies the allegations contained in this Paragraph.
18. The Defendant denies the allegations contained in this Paragraph.
19. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Plaintiffs should take nothing and that the Defendant be awarded its costs and fees.

## IV. SECOND CAUSE OF ACTION

20. The Defendant repeats and reavers its answers to Paragraphs 1-19 is if specifically set forth herein.
21. The Defendant denies the allegations contained in this Paragraph.
22. The Defendant admits the allegations contained in this Paragraph.
23. The Defendant admits the allegations contained in this Paragraph.
24. The Defendant states that the cited statutes and regulations speak for themselves. The selective incorporation of portions of the statutes and regulations is improper and is objected to. In the alternative, the Defendant incorporates by reference the entire text of the referenced statutes and regulations.
25. The Defendant states that the cited statute speaks for itself. The selective incorporation of portions of a statute is improper and is objected to. In addition, it is noted the Paragraph contains a reference to language that is ostensibly a quotation but for which there are no beginning quotation marks. In the alternative, the Defendant incorporates by reference the entire text of the referenced statute.
26. The Defendant states that the cited statute speaks for itself. The selective incorporation of portions of a statute is improper and is objected to. In the alternative, the Defendant incorporates by reference the entire text of the referenced statute.
27. The Defendant admits the allegations contained in this Paragraph.
28. The Defendant denies the allegations contained in this Paragraph.
29. The Defendant denies the allegations contained in this Paragraph.
30. The Defendant denies the allegations contained in this Paragraph.
31. The Defendant admits that thirty days prior to the filing of the Second Amended Complaint, a written demand for relief was delivered to James McClennan. The Defendant denies that conduct that would constitute an "unfair or deceptive act or practice relied upon and the injury and damages he suffered" as a result thereof was reasonably described therein.
32. The Defendant denies the allegations contained in this Paragraph.
33. The Defendant denies the allegations contained in this Paragraph.
34. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Plaintiff should take nothing and that the Defendant be awarded its costs and fees.

## V. THIRD CAUSE OF ACTION

35. The Defendant repeats and reavers its answers to Paragraphs 1-34 is if specifically set forth herein.

36. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care.
37. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care.
38. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care.
39. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care.
40. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care to see that "its methods, procedures and policies were followed, obeyed and adhered to." The Defendant cannot admit or deny the specific allegations contained in this Paragraph in the absence of a definition, in this context, of the phrase ""inspect, observe, monitor and supervise its employees, servants, agents workers and officers."
41. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care to see that they did not communicate food borne diseases to patrons. The Defendant cannot admit or deny the specific allegations contained in this Paragraph in the absence of a definition, in this context, of the phrases ""interview, evaluate, observe, test, inspect, and examine its employees, servants, agents workers and officers" … "to make certain that they were free from any disease, medical condition, ailment or illness which would taint, adulterate or contaminate the food and beverage products served, offered or sold there."
42. The Defendant admits it owed the plaintiff, assuming he attended the function at the Inn, a duty of reasonable care.
43. The Defendant denies the allegations contained in this Paragraph.
44. The Defendant denies the allegations contained in this Paragraph.
45. The Defendant denies the allegations contained in this Paragraph.
46. The Defendant denies the allegations contained in this Paragraph.
47. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Plaintiff should take nothing and that the Defendant be awarded its costs and fees.

## VI. FOURTH CAUSE OF ACTION

48. The Defendant repeats and reavers its answers to Paragraphs 1-47 is if specifically set forth herein.
49. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Plaintiff should take nothing and that the Defendant be awarded its costs and fees.

### VII. FIFTH CAUSE OF ACTION

50. The Defendant repeats and reavers its answers to Paragraphs 1-49 is if specifically set forth herein.
51. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Plaintiff should take nothing and that the Defendant be awarded its costs and fees.

### VIII SIXTH CAUSE OF ACTION

52. The Defendant repeats and reavers its answers to Paragraphs 1-51 is if specifically set forth herein.
53. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Plaintiff should take nothing and that the Defendant be awarded its costs and fees.

### JURY CLAIM

The Defendant demands a trial by jury as to all issues raised by the Second Amended Complaint, this answer thereto and any further responsive pleadings.

The Defendant,
By its Attorneys,

*[signature]*

Scott J. Tucker
BBO# 503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

**CERTIFICATE OF SERVICE**
I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

*[signature]* 1-11-05