UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN GASCOIGNE AND KELLY GASCOIGNE, INDIVIDUALLY, AND AS MOTHER AND NEXT FRIEND OF AD.G. AND AB.G., BOTH MINORS, <br><br> Plaintiffs, <br><br> vs. <br><br> WEQUASSETT INN LLP (a registered limited liability partnership, by and through its individual partners), d/b/a THE WEQUASSETT INN RESORT AND GOLF CLUB <br><br> Defendant. | C.A. NO. 04 CV 11168 JLA |

PLAINTIFFS' DESIGNATIONS OF ANTICIPATED TRIAL EXPERTS IN ACCORDANCE WITH FED. R. CIV. P. 26

In accordance with the Parties' Amended Scheduling Order dated April 6, 2005, as extended by agreement between counsel, as well as Fed. R. Civ. P. 26(a)(2) and Local Rule 26.4, the Plaintiffs hereby designate the following persons as anticipated expert witnesses at trial:

(1)   Elizabeth L. Hohmann, M.D.
Infectious Disease Division
Gray J504
Massachusetts General Hospital
55 Fruit Street
Boston, MA 02114
[Infectitious Disease]
(A copy of Dr. Hohmann's curriculum vitae is attached hereto)

At trial, Dr. Hohmann is expected to testify that the Plaintiff Stephen Gascoigne contracted Salmonellosis as the result of consuming contaminated or tainted food at the Wequassett Inn on

July 6, 2001. Dr. Hohmann will testify that (a) the Plaintiff's immediate and early symptoms, as well as those of other persons who became ill at the two functions in question, are totally consistent with Salmonellosis, (b) the attack rate of those attending the wedding and the investment conference was high, and (c) there is no credible factual or medical information to suggest that some other infectious agent was present at the Dien/Dupont wedding reception dinner. In reaching her conclusions and in giving her anticipated trial testimony, Dr. Hohmann will rely, in part, among other things, upon the (i) investigation, findings, conclusions, and observations of the Town of Harwich Board of Health and the Massachusetts Department of Public Health contained in the report of the Massachusetts Department of Public Health Report dated October 1, 2001; (ii) the PHAGE typing results from the Centers for Disease Control and Prevention identifying the infectious agent isolated from the Wequassett Inn food handlers, the members of the Dien/Dupont wedding party and guests who became ill, and the investment conference attendees as Salmonella enteritidis phage type 8; (iii) the medical records of Stephen Gascoigne; and (iv) the testimony and interrogatory answers of Stephen Gascoigne.

This is the first time that she will testify as a medical expert at trial. She has not previously testified at deposition.

    (2)    Bernadette Van Belois, M.D.
Tamarack Medical Clinic
1280 Burns Way
Kalispell, MT
[Rheumatology]
(A copy of Dr. Van Belois' curriculum vitae is attached hereto)

Dr. Van Belois is a subsequent treating physician of the Plaintiff Stephen Gascoigne. She will testify concerning her physical findings, her course of medical treatment and his prognosis, as well as Mr. Gascoigne's symptoms, complaints, and test results, including x-rays. Copies of Dr. Van Belois' medical records and reports concerning the Plaintiff have already been provided to

defense counsel and the information they contain is incorporated hereby by reference. Among the anticipated opinions Dr. Van Belois will offer at trial are the following:

(a) The Plaintiff suffers from reactive arthritis, Reiter's type, as a direct and proximate result of contracting Salmonella enterititis at the Dien/Dupont wedding reception and dinner on July 6, 2001;

(b) The Plaintiff's reactive arthritis is progressive;

(c) The Plaintiff has tried Ibuprofen, Doxycycline, Cipro, Naprosyn, Etodolac, Sulfasalazine, Methotrexate, Oxaporzin, Prednisone, and Enbrel, all in an effort to control his reactive arthritis, to reduce his joint inflammation, and to maintain as much functional ability and range of motion as possible;

(d) The side effects of these various medications have adversely impacted the Plaintiff's activity level, quality of life, his anxiety level, his personality, and his intra-familial relationships;

(e) The Plaintiff's reactive arthritis has progressed to a chronic and a permanent rheumatic condition that will be characterized by a gradual loss of functional ability and gradual loss of range of motion over the course of his remaining lifetime with painful intermittent flare-ups or exacerbations of his arthritic condition; and

(f) The Plaintiff will require medical treatment in the future for his reactive arthritis. Said treatment will consist of periodic office visits, diagnostic testing, and appropriate medication.

Dr. Van Belois' curriculum vitae is attached here. She has limited experience testifying in legal matters. She has given deposition testimony in the following Montana cases during the past four years:

| Date of Deposition | Name of Case | Location of Deposition |
|---|---|---|
| 5/3/2005 | Sharon Warren, James Warren and Watkins Motor Lines v. Utah Department of Transportation, Vex-com Chemical and John Doe Companies | Tamarack Medical Clinic 150 Commons Way Kalispell, Montana |
| 9/9/2003 | Michele Sickmann v. Edward Paul James and Kyle Whaley | Tamarack Medical Clinic 1280 Burns Way Kalispell, Montana |
| 3/5/2003 | John Guyman vs. Montana State Fund | Tamarack Medical Center 1280 Burns Way Kalispell, Montana |
| 8/8/2002 | Bradley P. Wirz and Sandra Wirz, Individually and as Co-Guardians Ad Litem of Breeanna Byker, Christopher Byker, and Mercedes Wirz, minors, vs. Tracy Diane Murphy | Tamarack Medical Center 1280 Burns Way Kalispell, Montana |

(3)   Robert Kowalewski, M.D.
      Department of Rheumatology
      University of Washington Medical Center
      1959 N.E. Pacific Street
      Seattle, WA 98195
      [Rheumatology]

Dr. Kowalewski is a subsequent treating physician whom the Plaintiff Stephen Gascoigne saw in Seattle, Washington, on December 17, 2002; January 28, 2003; and April 1, 2003. Dr. Van Belois and Dr. Bluestone will rely in part or to some extent on Dr. Kowalewski's physical findings and his course of treatment of the Plaintiff, as well as the Plaintiff's symptoms, complaints, and test results, including x-rays, all as set forth in his medical records and reports. Copies of Dr. Kowalewski's medical records and reports concerning the Plaintiff have already been provided to defense counsel, and the information they contain is incorporated herein by reference. Should he

actually testify at trial, among the anticipated opinions Dr. Kowalewski will offer are the following:

    (a)  The Plaintiff, when seen by Dr. Kowalewski, was suffering from reactive arthritis; and

    (b)  The reactive arthritis from which the Plaintiff suffered was active at the time he was seen by Dr. Kowalewski.

    (4)    Rodney Bluestone, M.D.
              436 N. Bedford Drive
              Suite 303
              Beverly Hills, Ca 90210
              [Rheumatology]
              (A copy of Dr. Bluestone's curriculum vitae is attached hereto)

Dr. Bluestone is a subsequent treating physician to whom the Plaintiff Stephen Gascoigne went for a third medical opinion and from whom the Plaintiff has sought more aggressive treatment for his reactive arthritis.  At trial, it is anticipated that Dr. Bluestone will testify as to his physical findings, his course of treatment of the Plaintiff, and the Plaintiff's prognosis, as well as the Plaintiff's symptoms, complaints, and test results, including x-rays.  Copies of Dr. Bluestone's medical records and reports concerning the Plaintiff have already been provided to defense counsel, and the information they contain is incorporated herein by reference.  Among the anticipated opinions Dr. Bluestone will offer at trial are the following:

    (a)  The commonest cause for reactive arthritis is following gastrointestinal infection;

    (b)  The Plaintiff is suffering from reactive arthritis post-infectious in etiology;

    (c)  The Plaintiff's reactive arthritis most probably arose as a result of a gastrointestinal infection he incurred on July 6, 2001, at the Dien-Dupont wedding reception and dinner;

    (d)  The Plaintiff's reactive arthritis has evolved into a chronic sero-negative spondylaropathy;

(e)  The Plaintiff had active inflammation present in several joints when examined by Dr. Bluestone;

(f)  The Plaintiff has already demonstrated signs of early erosive joint destruction;

(g)  The Plaintiff is not suffering from typical overuse syndrome; and

(h)  As a result of the gastrointestinal infection the Plaintiff suffered, the Plaintiff has developed chronic rheumatic disease.

Dr. Bluestone is scheduled to see the Plaintiff again on October 26, 2005. Additional observations, conclusions, and opinions may be forthcoming from that office visit.

/s/  Donald L. Gibson, Esquire
Donald L. Gibson, Esquire
BBO No. 191030
DRISCOLL & GIBSON
1000 Plain Street
Marshfield, MA 02050
781-837-6115
Attorney for the Plaintiffs,
Stephen Gascoigne And Kelly Gascoigne,
    Individually, And As Mother And Next
        Friend Of Ad.G. And Ab.G, Both Minors

Dated:  October 14, 2005