UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN GASCOIGNE AND KELLY GASCOIGNE, INDIVIDUALLY, AND AS MOTHER AND NEXT FRIEND OF AD.G. AND AB.G., BOTH MINORS, | ) ) ) ) ) | C.A. NO. 04 CV 11168 JLA |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| WEQUASSETT INN LLP (a registered limited liability partnership, by and through its individual partners), d/b/a THE WEQUASSETT INN RESORT AND GOLF CLUB | ) ) ) ) ) | |
| Defendant. | ) ) | |

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE PLAINTIFFS'
FIRST AND SECOND CAUSES OF ACTION AND ON THE ISSUE OF CAUSATION

The Plaintiffs, Stephen Gascoigne and Kelly Gascoigne, Individually, And As Mother And

Next Friends Of AD.G. And AB.G., Both Minors, pursuant to Fed. R. Civ. P. 56 and Local Rule

56.1, hereby request the entry of partial summary judgment against the Defendant Wequassett Inn

LLP (a registered limited liability partnership, by and through its individual partners), d/b/a The

Wequassett Inn Resort And Golf Club on the Plaintiff's first and second causes of action and on

the issue of causation.  As grounds therefore, the Plaintiffs would state that:

1.      This is a diversity action for bodily injury and other damages pursuant to 28 U.S.C. §

1332(a)(1) between Plaintiffs, who are residents of and domiciled in Montana, and Wequassett Inn

LLP (by and through its individual partners) (hereinafter, Wequassett Inn LLP), a Massachusetts

registered domestic limited liability partnership whose principal place of business is located at

Wequassett Inn Resort and Golf Club, Route 28, Pleasant Bay, Harwich [Chatham],

Massachusetts 02645.

2.     This action arises from tortious and other conduct by the employees, servants, agents

and/or officers of Wequassett Inn LLP within the Commonwealth of Massachusetts on or about

July 6, 2001, at the Wequassett Inn Resort and Golf Club (hereinafter, the WEQUASSETT INN)

on Pleasant Bay, Harwich [Chatham], Barnstable County, Massachusetts.

3.     At all times material to this action, the Defendant Wequassett Inn LLP owned,

operated, managed, and staffed the WEQUASSETT INN.

4.     The Plaintiffs Stephen and Kelly Gascoigne attended the July 6, 2001 wedding of

Scott Dien and Rebecca Dupont, both California residents and domiciliaries, at the

WEQUASSETT INN, as well as the dinner/reception which followed (hereinafter, the Dien-

Dupont wedding and dinner/reception).  As a result of improper food handling practices on the

part of the employees, servants, agents, and other workers of the Defendant Wequassett Inn LLP, a

Salmonella outbreak occurred, causing the Plaintiff Stephen Gascoigne to become violently ill and

to develop reactive arthritis, a progressively crippling and debilitating arthritic process for which

there is no present cure.

5.     The Massachusetts Department of Public Health (hereinafter, MPH) and the

Harwich Board of Health (hereinafter, HBOH) investigated these complaints at the

WEQUASSETT INN which resulted from the events of July 6, 2001.  MPH and HBOH also

conducted a statistical analysis of stool samples obtained from and questionnaires completed by a

large number of the Dien-Dupont wedding guests and participants.  Forty-six Dien-Dupont

wedding reception/dinner attendees and fifteen Invest to Compete attendees reported becoming ill

following the dinner meal that was served at both functions.  MPH and HBOH determined that there had been a Salmonella outbreak and that the strain of Salmonella involved was Salmonella enteritidis (SE).  MPH and HBOH concluded that the béarnaise sauce that was prepared and served on July 6, 2001, at both events was made wholly or in part with unpasteurized eggs contaminated with Salmonella enteritidis.  An alternative explanation suggested by the MPH and HBOH for the Salmonella outbreak was that at least three of the Wequassett Inn food handlers at the event were already infected with Salmonella enteritidis bacteria and that one or more than one of these food handlers contaminated the food for the dinner/reception, including the béarnaise sauce, as it was being prepared and served.  This phenomenon of transmission is known as cross-contamination.  MPH submitted certain stool samples which had been obtained to the Centers for Disease Control and Prevention (hereinafter, "CDC") for testing.  By means of a memorandum dated December 5, 2001, Johnson G. Nsubuga of the Division of Epidemiology and Immunization of MPH announced that the test results showed that the Salmonella enteritidis isolated from the stool samples of the food handlers, the ill members of the Dien-Dupont wedding party, and the ill investment group attendees was identical (phage type 8).  According to Mr. Nsubuga, the CDC findings further confirmed that the Salmonella enteritidis organism was either introduced as a result of contamination during food preparation or service by a food handler, or was present in the food that was served at both functions at the Wequassett Inn.

6.     As set forth in the Second Amended Complaint, the Plaintiffs seek to recover against the Defendant for (a) breach of warranty as set forth in Mass. G.L. c.106, §2-314(1) [Plaintiffs' First Cause of Action]; (b) violations of Mass. G.L. c.93A [Plaintiffs' Second Cause of Action]; and (c) negligence [Plaintiffs' Third Cause of Action].  The subject of this motion for partial summary judgment are the first two causes of action.

7.    The Plaintiffs submit that the uncontroverted evidence and testimony in this case clearly establishes that:

(a)    the Plaintiff Stephen Gascoigne attended the Dien-Dupont wedding reception and dinner;

(b)    while there, the Plaintiff Stephen Gascoigne consumed tainted or contaminated food unfit for consumption prepared and served to him there by the employees of the Defendant Wequassett Inn LLP;

(c)    in particular, the Plaintiff Stephen Gascoigne consumed the béarnaise sauce that was served at the wedding reception and dinner;

(d)    the Plaintiff Stephen Gascoigne contracted Salmonella enteritidis as a result of consuming said tainted or contaminated food; and

(e)    the Plaintiff Stephen Gascoigne subsequently developed reactive arthritis as a direct and proximate result of contracting Salmonella enteritidis.

8.    In accordance with the provisions of Mass. G.L. c. 106, § 2-314(1), the sale or serving for value of food and drink, whether to be consumed on the premises or elsewhere, created an implied warranty of merchantability and an implied warranty of fitness for a particular purpose within the Commonwealth of Massachusetts.

9.    The Defendant Wequassett Inn LLP, acting through its employees, servants, agents, workers, and officers, breached these implied warranties as the food served to and consumed by the Plaintiff Stephen Gascoigne at the Dien-Dupont wedding and dinner/reception was not fit for human consumption, was not of fair and average quality and was not fit for the ordinary purposes for which food such as that was used or intended: to wit, eating.

10.    As a direct and proximate result of consuming adulterated contaminated, tainted, unfit, and Salmonella infected food at the Dien-Dupont wedding served to him and prepared by the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP, the Plaintiff Stephen Gascoigne became seriously ill and ultimately developed reactive arthritis.

11.    Mass. G.L. c. 93A, § 1 et. seq. (the Massachusetts Consumer Protection Act)

prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of

any trade or commerce.  Mass. G.L. c. 93A, § 2(a).

12.    Mass. G.L. c. 93A, § 2(c), authorized the Attorney General of Massachusetts to

promulgate rules and regulations interpreting and facilitating the enforcement of Mass. G.L. c.

93A, § 2(a).

13.    Pursuant to his statutory authority, the Attorney General of Massachusetts has

promulgated numerous regulations interpreting Mass. G.L. c. 93A.  Among these are 940 C.M.R.

§ 3.08(2), which provides that "[i]t shall be an unfair and deceptive act or practice to fail to

perform or fulfill any promises or obligations arising under a warranty."  As defined in 940

C.M.R. § 3.01, the term "warranty" explicitly includes the implied warranty of merchantability

and the implied warranty of fitness for a particular purpose.  In addition, 940 C.M.R. § 3.16(3)

provides that violation of a statute, rule, regulation or law "meant for the protection of the public's

health, safety, or welfare" is a violation of Mass. G.L. c. 93A, § 2.

14.    Mass. G.L. c. 94, § 150, prohibits the selling or offering for food or drink "any

diseased animal or product thereof or any tainted, diseased, corrupt, decayed or unwholesome

carcass, meat, vegetable, produce, fruit or provisions of any kind" without making the condition of

the thing sold or offered for sale fully known to the buyer."

15.    Mass. G.L. c. 94, § 150 is a statute or law "meant for the protection of the public

health, safety, or welfare."

16.    At all times material to this action, the Defendant Wequassett Inn LLP was engaged

in trade or commerce within the Commonwealth of Massachusetts.

5

17.    The conduct of the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP as described throughout this Complaint constitutes (i) a violation of regulations promulgated by the Attorney General of Massachusetts in accordance with Mass. G.L. c. 93A, § 2(c), (ii) a breach of warranty, (iii) a violation of a statute or law "meant for the protection of the public health, safety, or welfare", (iv) an unfair or deceptive act or practice, and (v) an unfair method of competition.

18.    The conduct of the employees, servants, agents, workers, and officers of the Defendant Wequassett Inn LLP constitutes a violation of Mass. G.L. c. 93A, § 2.

19.    The Plaintiff Stephen Gascoigne is a person who is aggrieved by the Defendant Wequassett Inn LLP's violation of Mass. G.L. c. 93A, § 2.

20.    As a direct and proximate result of the Defendant Wequassett Inn LLP's violation of Mass. G.L. c. 93A, § 2, the Plaintiff Stephen Gascoigne has been injured and has suffered monetary loss.

21.    There are no genuine issues of material fact which would require denial of the Plaintiffs' motion for summary judgment on these two causes of action.

22.    In support of their motion, the Plaintiffs rely upon (a) Plaintiffs' Concise Statement Of Undisputed Material Facts As To Which There Is No Genuine Issue To Be Tried, (b) Plaintiffs' Statement Of Undisputed Principles And Elements Of Massachusetts Substantive Law And Facts Applied To Massachusetts Substantive Law, (c) Plaintiffs' Brief In Support Of Plaintiffs' Motion For Partial Summary Judgment On The Plaintiffs' First And Second Causes Of Action And On The Issue Of Causation, and (d) the various exhibits, deposition excerpts, discovery materials, and affidavits attached to the Affidavit of Donald L. Gibson, Esquire.

WHEREFORE, the Plaintiffs, Stephen Gascoigne and Kelly Gascoigne, Individually, And As Mother And Next Friends Of AD.G. And AB.G., Both Minors, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby request the entry of partial summary judgment against the Defendant Wequassett Inn LLP (a registered limited liability partnership, by and through its individual partners), d/b/a The Wequassett Inn Resort And Golf Club on the Plaintiff's first and second causes of action and on the issue of causation.

Respectfully submitted,

_____
Donald L. Gibson, Esquire
BBO No. 191030
DRISCOLL & GIBSON
1000 Plain Street
Marshfield, MA 02050
781-837-6115
Attorneys for the Plaintiffs,
Stephen Gascoigne And Kelly Gascoigne,
    Individually, And As Mother And Next
    Friend Of Ad.G. And Ab.G, Both Minors

Dated:  January 9, 2006