UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN GASCOIGNE AND KELLY GASCOIGNE, INDIVIDUALLY, AND AS MOTHER AND NEXT FRIEND OF AD.G. AND AB.G., BOTH MINORS, | ) ) ) ) ) ) ) | C.A. NO. 04 CV 11168 JLA |
| Plaintiffs, | ) ) |  |
| vs. | ) ) |  |
| WEQUASSETT INN LLP (a registered limited liability partnership, by and through its individual partners), d/b/a THE WEQUASSETT INN RESORT AND GOLF CLUB | ) ) ) ) ) |  |
| Defendant. | ) ) |  |

PLAINTIFFS' STATEMENT OF UNDISPUTED PRINCIPLES AND ELEMENTS OF MASSACHUSETTS SUBSTANTIVE LAW AND FACTS APPLIED TO MASSACHUSETTS SUBSTANTIVE LAW

As part of their compliance with Local Rule 56.1, the Plaintiffs Stephen Gascoigne and Kelly Gascoigne, Individually, and as Mother and Next Friend of AD.G. and AB.G., both minors, hereby submit their statement of undisputed principles and elements of Massachusetts substantive law and facts applied to Massachusetts substantive law.

UNDISPUTED PRINCIPLES AND ELEMENTS OF MASSACHUSETTS SUBSTANTIVE LAW AND FACTS APPLIED TO MASSACHUSETTS SUBSTANTIVE LAW

Principle/Element No. 1: Mass. G.L. c. 106, §2-314(1) creates an implied warranty of merchantability regarding the serving for value of food or drink to be consumed either on the premises or elsewhere. That section provides in pertinent part:

**§ 2-314.  Implied Warranty:  Merchantability; Usage of Trade**

(1)  Unless excluded or modified by section 2-316, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

<u>Principle/Element No. 2</u>:  Under the facts and circumstances of this case, the Defendant Wequassett Inn impliedly warranted that food items which its employees served to the Plaintiff Stephen Gascoigne were of merchantable quality.  <u>Delano Growers' Co-Op</u> v. <u>Supreme Wine Co.</u>, 393 Mass. 666, 473 N.E.2d 1066, 1071 (1985); <u>Regina Grape Prods. Co.</u> v. <u>Supreme Wine Co.</u>, 357 Mass. 631, 635, 260 N.E.2d 219, 221-222 (1970).

<u>Principle/Element No. 3</u>:  To be "merchantable" under Massachusetts law, the food that was served to the Plaintiff Stephen Gascoigne at the Dien-Dupont wedding and dinner/reception on July 6, 2001, had to, among other things:

(a) pass without objection in the trade under the contract description [Mass. G.L. c.106, §2-314(2)(a)];

(b) in the case of fungible goods, be of fair average quality with the description [Mass. G.L. c.106, §2-314(2)(b)]; and

(c) be fit for the ordinary purpose for which such goods are used [Mass. G.L. c.106, §2-314(2)(c)].

<u>Principle/Element No. 4</u>:  Selling food unfit for consumption in Massachusetts is a breach of the implied warranty of fitness for ordinary  purposes; to wit: eating.  <u>Friend</u> v. <u>Childs Dining Hall Co.</u>, 231 Mass. 65, 71-76, 120 N.E. 407, 407-411 (1918) (A restaurant, which supplied its guest, for immediate consumption, baked beans containing stones, was liable for breach of its implied warranty of fitness for consumption); <u>Ward</u> v. <u>Great Atlantic & Pacific Tea Co.</u>, 231 Mass. 90-95, 120 N.E. 225, 225-227 (1918) (pebbles in a can of baked beans purchased from defendant rendered the baked beans unfit for consumption); <u>McSweeney</u> v. <u>McDonald's Corp.</u>, 1991 Mass. App. Div. 197 (1991) [Not reported in N.E.2d] (Plaintiff entitled to damages on theories of

negligence and breach of warranty where he contracted campylobacter food poisoning as a result of eating three cheeseburgers sold by the defendant); O'Brien v. Dora Ferguson Catering, Inc., 1988 Mass. App. Div. 151 (a seller of food impliedly warrants that the food is fit to be eaten); Primak v. Star Market Company, 38 Mass. App. Dec 218, 219 [Not reported in N.E. 2d] (Sale of a salami for human consumption in which is embedded a piece of metal is a breach of the implied warranty of fitness for which the seller is liable to the purchaser for all injury or damage proximately resulting from the purchaser's attempt to consume the salami); Wernick v. Bob Ware's Food Shops, Inc., 27 Mass. App. Dec. 19, 20-24 [Not reported in N.E. 2d] (Presence of a date pit in a package of dates sold as pitted dates renders a muffin containing the date pit which broke the plaintiff's tooth unfit for human consumption and therefore unmerchantable).

Principle/Element No. 5: In determining whether a breach of a warranty has occurred when a consumer is injured by a substance in food, the Supreme Judicial Court of Massachusetts has adopted the "reasonable expectations" test as opposed to the "foreign substance-natural substance" test. Writing for the Court in the leading case of Phillips v. Town of West Springfield, 405 Mass. 411, 412-413, 540 N.E.2d 1331, 1332-1333 (1989), Justice Wilkins reasoned that:

> [t]he reasonable expectations test has been generally recognized as preferable to the foreign substance-natural substance test. (Citations omitted). The foreign substance-natural substance test exonerates a seller of food from liability for the lack of fitness of the food for ordinary purposes simply because the injury causing substance was natural to the food. It fails to focus the seller's attention on the consumer's reasonable beliefs and to recognize that sellers may fairly be held responsible in some instances for natural substances in food that cause injury. This court's discussion in its *Webster* opinion focused on the reasonable expectations of a consumer of fish chowder and concluded, as a matter of law, that bones in fish chowder should reasonably be expected. *Webster v. Blue Ship Tea Room, Inc.*, supra, 347 Mass. at 426, 198 N.E.2d 309. In our view, the reasonable expectations test is the appropriate one to apply in determining liability for breach of warranty of merchantability under G.L. c.106, §2-314(2)(c), by reason of a bone or other substance in food that caused harm to a consumer.

3

The consumer expectation test established in Phillips, supra, relies on culturally defined, widely shared standards that food products ought to meet. Restatement Third, Torts (Product Liability) §7, Comment b. The pertinent reasonable expectations are those of the ordinary purchaser of the type who purchases the product in question. Phillips, 540 N.E.2d at 1333, n.3. See, Williams v. Roche Brothers Supermarkets, Inc., 1999 Mass. App. Div. 174 [Not reported in N.E.2d] (Customer who purchased chicken dinner at supermarket could reasonably expect that maraschino cherry used as garnish would be free of pits, and thus could recover for breach of implied warranty under Massachusetts version of the Uniform Commercial Code after he suffered a broken tooth on pit in cherry).

Principle/Element No. 6: In the instant case, as an ultimate consumer, the Plaintiff Stephen Gascoigne had the right to reasonably expect that the food served to him at the Wequassett Inn as part of the Dien-Dupont wedding and dinner/reception would be wholesome, fit for human consumption, and free from harmful Salmonella enteritidis bacteria.

Principle/Element No. 7: To recover, the Plaintiff Stephen Gascoigne does not need to exclude every other possible cause of his Salmonella illness and his reactive arthritis. His is required only to show that the probable cause was the unwholesomeness of the food in question. Flynn v. Growers Outlet, Inc., 307 Mass. 373, 376, 30 N.E.2d 250, 252 (1940); Johnson v. Kanavos, 296 Mass. 373, 375-376, 6 N.E.2d 434, 436 (1937); Monahan v. Economy Grocery Stores Corp., 282 Mass. 548, 540, 185 N.E. 34, 35 (1933).

Principle/Element No. 8: In determining whether the Plaintiff in a food contamination case has satisfied the issue of causation, Massachusetts courts have often considered the presence or absence of some or all of the following factors:

    (a)    direct evidence that the defendant's food was tested and found to contain Salmonella bacteria [Denaro v. 99 Restaurant, Inc., 2002 WL31546120 (Mass. App. Div.) (Not reported in N.E.2d 2002)];

4

    (b)    expert opinion as to causation [Barfield v. F.W. Woolworth Co., 329 Mass. 641, 642, 110 N.E.2d 103, 104 (1953); Schuler v. Union News Co., 295 Mass. 350, 4 N.E.2d 465, 466 (1936)];

    (c)    proof that other patrons who ate the same food had also contracted Salmonella poisoning at the defendant's restaurant [Johnson v. Kanavos, 296 Mass. 373, 375-376, 6 N.E.2d 434, 435 (1937)];

    (d)    evidence that the food had an abnormal or unwholesome appearance, taste or color [Flynn v. Growers Outlet, Inc., 307 Mass. 373, 376, 30 N.E.2d 250, 252 (1940); Johnson v. Kanavos, 296 Mass. 373, 375-376, 6 N.E.2d 434, 435 (1937)]; and

    (e)    the incubation period for Salmonella is consistent with the onset of the Plaintiff's symptoms [Gracey v. Waldorf System, Inc., 251 Mass. 76, 78-79, 146 N.E. 232, 233 (1925)].

Principle/Element No. 9: Generally, in Massachusetts, a "breach of warranty constitutes a violation of G.L. c.93A." Maillet v. ATF-Davidson Co., 407 Mass. 185, 193, 552 N.E.2d 95, 100 (1990). The Court in Maillet held that an employee who suffered personal injury could assert a claim under Chapter 93A for breach of the implied warranty of merchantability against the manufacturer of a printing press who had sold the press to his employer. Accord Glyptal, Inc. v. Engelhard Corp., 801 F.Supp. 887, 899 (D.Mass.1992) ("Breaches of express and implied warranties constitute a virtual per se violation of [G.L. c.93A, §2]". (citation omitted)); Alcan Aluminum Corp. v. Carlton Aluminum of New England, Inc., 35 Mass. App. Ct. 161, 169, 617 N.E.2d 1005, 1010 (1993) ("[seller] had committed a breach of its implied and express warranties to [buyer], thereby violating G.L. c.93A, §2"). See also American Shooting Sports Council, Inc. v. Attorney General, 429 Mass. 871, 877-78, 711 N.E.2d 899, 904 (1999) (Attorney General's authority to regulate handguns arises from his authority to "to regulate the sale of products that are unsafe or defective in ways that a purchaser cannot foresee"; these products fail to conform to standards of merchantability and, in some cases, standards of fitness for a particular use); Kyte v. Philip Morris, Inc., 408 Mass. 162, 171, 556 N.E.2d 1025, 1030 (1990) (denying cigarette

manufacturer's motion for summary judgment on a Chapter 93A count where plaintiffs' Chapter 93A claim was based on an alleged breach of implied warranty of merchantability).

Principle/Element No. 10:  However, even if the Court is hesitate to view the Defendant's violation of a warranty arising under Mass. G.L. c.106, §2-314 as a per se violation of Mass. G.L. c.93A [See, e.g., Darviris v. Petros, 442 Mass. at 282-84 (violation of Patient's Bill of Rights, G.L. c.111, §70E, does not constitute violation of 93A, given comprehensive medical malpractice scheme enacted to provide remedy); Declersaint v. Federal Nat'l Mortgage Ass'n., 427 Mass. 809, 814-15 (1998) (violation of G.L. c.183, §27, governing disposition of mortgage foreclosure surplus, was not a violation of Chapter 93A where there was no unfairness or deception involved); Lewis v. Walcott, 47 Mass. App. Ct. 394, 398 (1999) (violation of rent control ordinance not automatically violation of 93A if not unfair or deceptive); Quinn v. Rent Control Bd. of Peabody, 45 Mass. App. Ct. 357, 284, rev. den., 428 Mass. 1109 (1998) (technical breach of statute requiring certain notice to tenants was not automatically 93A violation, where defendants' conduct not unfair or deceptive); Atwood v. Best Buick, Inc., 21 Mass. App. Ct. 70, 74 (1985) (dealer's technical violation of regulation requiring written acknowledgement of buyer's revocation not 93A violation where not causally related to buyer's loss); Dow v. Lifeline Ambulance Service, Inc., 5 Mass. L. Rptr. 520, 1996 WL1186916 (Mass. Sup. Ct. July 3, 1996) (Cowin, J.) (automobile accident was not a violation of 93A where although defendant may have violated a statute or ordinance enacted to protect the public safety, it was merely negligent, not unfair or deceptive).  Cf. Brunelle v. W.E. Aubuchon Co., Inc., 60 Mass. App. Ct. 626, 628 (2004) (declining to decide whether violation of building code is per se 93A violation).], the events and circumstances of this case also constitute a violation by the Defendant of Mass. G.L. c.94, §150, which prohibits the selling or offering food or drink "any diseased animal or product thereof of any trained, diseased, corrupt, decayed or unwholesome carcass, meat, vegetable, produce, fruit or

6

provisions of any kind without making the condition of the thing sold or offered for sale fully known to the buyer".

Principle/Element No. 11:  Mass. G.L. c.94, §150 is a statute or law "meant for the protection of the public's health, safety, or welfare".  940 C.M.R. §3.08(2).  The purpose of said statute is penal in nature and is intended to punish the sale or unwholesome food without regard to whether the seller knew the food to be unwholesome or not.  Commonwealth v. Economy Grocery Stores Corp., 313 Mass. 70, 71-72, 46 N.E.2d 521, 522 (1943); Flynn v. Growers Outlet, Inc., 307 Mass. 373, 378, 30 N.E.2d 250, 253 (1940); Mellace v. John P. Squire Co., 306 Mass. 515, 517, 29 N.E.2d 26, 28 (1940); Shuler v. Union News Co., 295 Mass. 350, 354, 4 N.E.2d 465, 467 (1936); Holt v. Mann, 294 Mass. 21, 24, 200 N.E. 403, 405 (1936).  The need for proving scienter under this statute was removed by St. 1913, c.687.  Holt, 294 Mass. at 24, 200 N.E. at 405.

Principle/Element No. 12:  Violation of Mass. G.L. c.94, §150 is evidence of negligence on the part of the Defendant Wequassett Inn LLP (See Schuler, 295 Mass. at 354-355, 4 N.E.2d at 467).

Principle/Element No. 13:   Massachusetts Courts tend to hold purveyors of food to high standards of care because of the serious consequences to human life of their conduct.  Flynn v. First National Stores, 296 Mass. 521, 523, 6 N.E.2d 814, 815 (1937) and cases cited therein.

Principle/Element No. 14:  In accordance with the provisions of Mass. G.L. c.106, §2-314(1), the sale or serving for value by the Defendant Wequassett Inn LLP of food and drink to the Dien-Dupont wedding party and invited guests, including the Plaintiff Stephen Gascoigne, created an implied warranty of merchantability and an implied warranty of fitness for particular purpose within the Commonwealth of Massachusetts.

Source:  Response No. 9 of Defendant's Responses To Plaintiff's Request For The Admission Of Facts And Genuineness of Documents [Exhibit 10].

Principle/Element No. 15:  The Defendant sold and served for value food and drink to the Plaintiffs.

Source:  Defendant's Answer to Paragraph 16 of the Plaintiffs' Second Amended Complaint [Exhibits 11 and 12].

Principle/Element No. 16:  Mass. G.L. c. 93A, § 1 et. seq. (the Massachusetts Consumer Protection Act) prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.  Mass. G.L. c. 93A, § 2(a).

Source:  Defendant's Answer to Paragraph 22 of the Plaintiffs' Second Amended Complaint [Exhibits 11 and 12].

Principle/Element No. 17:  Mass. G.L. c. 93A, § 2(c), authorized the Attorney General of Massachusetts to promulgate rules and regulations interpreting and facilitating the enforcement of Mass. G.L. c. 93A, § 2(a).

Source:  Defendant's Answer to Paragraph 23 of the Plaintiffs' Second Amended Complaint [Exhibits 11 and 12].

Principle/Element No. 18:  Pursuant to his statutory authority, the Attorney General of Massachusetts has promulgated numerous regulations interpreting Mass. G.L. c. 93A.  Among these are 940 C.M.R. § 3.08(2), which provides that "[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty."  As defined in 940 C.M.R. § 3.01, the term "warranty" explicitly includes the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.  In addition, 940 C.M.R. § 3.16(3) provides that violation of a statute, rule, regulation or law "meant for the protection of the public's health, safety, or welfare" is a violation of Mass. G.L. c. 93A, § 2.

Source:   940 C.M.R. §3.08(2)
          940 C.M.R. §3.01
          940 C.M.R. §3.16

Principle Element No. 19:  Mass. G.L. c. 94, § 150, prohibits the selling or offering for food or drink "any diseased animal or product thereof or any tainted, diseased, corrupt, decayed or unwholesome carcass, meat, vegetable, produce, fruit or provisions of any kind without making the condition of the thing sold or offered for sale fully known to the buyer."

8

Principle Element No. 20:  Mass. G.L. c. 94, § 150 is a statute or law "meant for the protection of the public health, safety, or welfare."

Principle/Element No. 21:  At all times material to this action, the Defendant Wequassett Inn LLP was engaged in trade or commerce within the Commonwealth of Massachusetts.

Source:  Defendant's Answer to Paragraph 27 of the Plaintiffs' Second Amended Complaint [Exhibits 11 and 12].

Principle/Element No. 22:  Service to the Plaintiff Stephen Gascoigne by the employees, servants, agents, workers or staff of the Defendant Wequassett Inn LLP at the WEQUASSETT INN of food contaminated with Salmonella enteritidis bacteria constitutes:

   (a)   a violation of 940 C.M.R. §§ 3.01, 3.08(2), and 3.16(3);

   (b)   a violation of Mass. G.L. c.94, §150; and

   (c)   a violation of Mass. G.L. c.93A, §2.

Source:  Response No. 14 of Defendant's Responses To Plaintiff's Request For The Admission Of Facts And Genuineness of Documents [Exhibit 10].

Principle/Element No. 23:  The Plaintiff Stephen Gascoigne is a person who is aggrieved by the Defendant Wequassett Inn LLP's violation of Mass. G.L. c. 93A, § 2.

Source:  Response No. 15 of Defendants Responses To Plaintiff's Request For The Admission Of Facts And Genuineness Of Documents [Exhibit 10].

Principle Element No. 24:  As a direct and proximate result of the Defendant Wequassett Inn LLP's violation of Mass. G.L. c. 93A, § 2, the Plaintiff Stephen Gascoigne has been injured and has suffered monetary loss.

Source:  Response No. 16 of Defendant's Responses To Plaintiff's Request For The Admission Of Facts And Genuineness of Documents [Exhibit 10].

Principle/Element No. 25:  The Wequassett Inn had an obligation to serve the Dien-Dupont wedding party food that was fit for consumption.

Source:  Depo. Tr. of Mark Novota (P142, L22-P143, L3) [Exhibit 14].  Depo. Tr. of William Brodsky (P65, L16-20) [Exhibit 13].

<u>Principle/Element No. 26</u>:  If the explanations offered by the Massachusetts Department of Public Health are correct or conclusive, the Wequassett Inn breached or violated its obligation to serve the Dien-Dupont wedding party food that was fit for consumption.

Source:  Depo. Tr. of Mark Novota (P143, L4-14) [Exhibit 14].  Depo. Tr. of William Brodsky (P65, L21-P66, L4) [Exhibit 13].

 

                                                                           _____
Donald L. Gibson, Esquire
BBO No. 191030
DRISCOLL & GIBSON
1000 Plain Street
Marshfield, MA 02050
781-837-6115
Attorneys for the Plaintiffs,
Stephen Gascoigne And Kelly Gascoigne,
    Individually, And As Mother And Next
        Friend Of Ad.G. And Ab.G, Both Minors

Dated:  January 9, 2005