UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHEN GASCOIGNE and
KELLY GASCOIGNE INDIVIDUALLY,
and as Mother and Next Friend of
AD.G and AB.G., Both minors,
           Plaintiffs,

v.                               C.A. NO. 04 CV 11168 - JLA

WEQUASSETT INN LLP d/b/a
THE WEQUASSETT INN RESORT
AND GOLF CLUB,
           Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

    The plaintiff, Stephen Gascoigne, alleges that he contracted a gastrointestinal illnesss, salmonella enteritidis, as a result of consuming food served to him and other wedding guests by the defendant and that he subsequently developed reactive arthritis. The specific allegation is that the defendant's employees engaged in "improper food handling practices" thereby causing the food to be contaminated. The claims of the other plaintiffs are for loss of consortium.

    The plaintiffs' Motion is dependent upon establishing that the sole "source" of exposure was food provided by the defendant and that that source was the proximate cause of the plaintiff's initial illness.

    A finding as to the source of exposure to salmonella enteritidis is beyond the knowledge and experience of lay jurors and therefore requires expert testimony. Therefore, the plaintiff's Motion and supporting evidence, as a threshold matter, must include such admissible opinion. (*See*, Hochen v. Bobst Group, Inc., 290 F.3rd 46 (1st Cir. 2002)(applying Massachusetts law); Goffredo v. Mercedes-Benz Truck Co., 402 Mass. 97 (1988) - cases in which the need for expert testimony is discussed in other "technical" or "scientific" types of cases – and Denaro v. 99 Restaurant, Inc., 2002 Mass App. Div. 195)

In support of the Motion and to satisfy the burden of proving that there is no genuine issue of material fact as to the cause of the plaintiff's illness, and that the plaintiffs are entitled to judgment as a matter of law, the plaintiffs rely on two memoranda prepared by employees of the Massachusetts Department of Public Health dated October 21, 2001 and December 5, 2001. (Plaintiffs' Exhibits 3 and 4) The plaintiffs also include Answers to Interrogatories and other discovery responses, medical records and numerous deposition transcripts, of the plaintiff, other attendees and employees of the defendant.

The memoranda are not admissible in support of a Motion for Partial Summary Judgment as they are hearsay. Furthermore, even if some portion of the memoranda were to be admissible under an exception to the hearsay rule, the "opinions" contained within the memoranda, which are the portions upon which the plaintiffs rely to establish that there is "no genuine issue of material fact", are not admissible. Finally, by their very terms the memoranda fail to establish that is it more likely than not that there was a source of contamination attributable to the defendant, with the authors identifying two "possibilities."

Assuming arguendo, that the memoranda are admissible, the plaintiffs argue that there is no genuine issue of material fact – more specifically, that the plaintiff's illness was caused by either – 1) Bernaise sauce that was made with raw eggs which were contaminated with salmonella or 2) "cross-contamination" of food by employees involved in food preparation or service.

With respect to the "Bernaise theory", the first memorandum states that this "possible explanation" is based on the sauce being "statistically associated with gastrointestinal illness." (Exhibit 3 – page 5). It should be noted that the authors of the memorandum previously noted that 13% of the guests who did not eat the Bernaise sauce became ill (Exhibit 3 – page 4).

Moreover, this theory is dependent upon the "fact" that the sauce was prepared with unpateurized, "whole shell" (fresh) eggs. The memorandum includes this hypothesis despite the fact that there is no evidence that the defendant used fresh eggs to make the Bernaise sauce. In fact, the only evidence available to the authors of the memorandum was that pasteurized liquid yolks were used by the defendant. (Exhibit 3 – pages 4-5) As is noted in the memorandum "under normal circumstances, pasteurization would generally kill [salmonella enteritidis] organisms." (Exhibit 3 – page 5) Further, the defendant's executive chef was deposed and re-stated that fact (he was referenced in the memorandum as a source of information). (Plaintiffs' Exhibit 13 – at page 69)

In order to reconcile the first theory of possible contamination with these undisputed facts which are inconsistent with their (and by adoption the plaintiffs') theory, the authors of the memorandum merely state, "With this in mind, it is possible that the batch served on July 6, 2001 was made wholly or in part with un-pasteurized eggs." (Exhibit 3 – page 5) In other words, the authors decided that if the only evidence was inconsistent with their theory, it was "possible" that evidence was wrong. They cited no basis for finding unpasturized eggs were used, and neither have the plaintiffs.

To the extent the plaintiffs are permitted to depend on the memoranda to establish the critical element of their Motion, that there is no genuine issue of the material fact that the plaintiff contracted salmonella enteritidis as a result of consuming Bernaise sauce served at the Inn, the very language of Exhibit 3 establishes that the plaintiffs' best case is that there is a genuine issue of a material fact which the plaintiffs can "create" by relying on the memorandum's authors' unilateral rejection of the admissible evidence and their speculation as to an unsupported possibility.

This type of unsupported document would not be sufficient to create a genuine issue of fact to defeat a motion for summary judgment and it certainly can not be accepted to establish that there is no genuine issue of material fact.

The language of Exhibit 3, upon which the plaintiffs rely, read most favorably to the plaintiffs (which is not the standard on their motion) establishes that there is a genuine issue of material fact as to the manner in which the Bernaise sauce was made. If there is a genuine issue as to that fact, then there is a genuine issue of material fact as to how the plaintiff was exposed to salmonella enteritidis as the first theory set forth in the memorandum, and relied upon by the plaintiffs.

With respect to the "cross-contamination" theory, the memorandum states "[i]t is also <u>possible</u> that the sauce became contaminated after preparation, and the food handlers were the source of the infection." (Exhibit 3 – page 5 – emphasis supplied). This second theory conveniently and without further explanation ignores the previously discussed finding by the same authors that 13% of those guests who did not eat the Bernaise sauce became ill.

The "cross-contamination" theory is based on the finding that three food handlers tested positive for salmonella enteritidis. (Exhibit 3 – page 5) However, two of these three food handlers denied they ate any food served at the events. In order to get around the consequences of this fact, the authors merely concluded as fact that "food handlers are usually unreliable historians of food consumption in the workplace." (Exhibit 3 – page 5).

3

Therefore, the authors of the memorandum concluded that if the food handlers did not become ill from eating the food at the Inn, "it is possible that they contaminated the food that was served." (Exhibit 3 – page 5). However, the investigators were told that those two food handlers who reported they had not eaten food at the event, had prepared seafood and desserts, items with which the investigators found no statistically significant association with any illness. (Exhibit 3 – page 5). The memorandum contains no attempt to reconcile those inconsistent facts and the plaintiffs do not offer an explanation as to how those two facts do not create a genuine issue of material fact.

As in the case of the pasteurized egg products in the Bernaise sauce, the authors elect to dismiss any undisputed fact that is inconsistent with their theory. While that may be permissible in the world of public health, for the purposes of this motion, at a minimum it establishes that there exists a genuine issue of material fact if the moving parties have to rely on such "analysis" to sustain their burden of proof.

The plaintiffs' Motion is based on the content of the memorandum dated October 1, 2001. The "opinions" contained in that report are not admissible to support the plaintiffs' Motion and burden of proof. Furthermore, the memorandum establishes that there are genuine issues of material fact. Finally, the memorandum establishes that whatever opinions are contained therein, are based on ignoring facts that are inconsistent with the authors' theories and are expressed in terms of possibilities.

The plaintiffs argue that they do not "need to exclude every other possible cause of" Gascoigne's illness. While that is a correct statement, the proof must be sufficient to establish that there is no genuine issue of material fact and that a fact finder must reach that same conclusion. As noted above, the plaintiffs have failed to provide competent expert testimony or opinion to establish a correlation between the consumption of food at the Inn and the plaintiff's illness.

The plaintiffs have identified a number of "factors which the Massachusetts courts consider regarding the issue of causation in food contamination cases." (Plaintiffs' Brief – pages 10-11) The statement that the plaintiffs "have demonstrated without doubt the presence of four of these factors and for that reason summary judgment summary judgment should be granted" ignores both the language and context of those cases and the previous discussion as to what has been introduced to establish that there is "no genuine issue of material fact."

4

None of the cases cited by the plaintiffs stands for the proposition that a plaintiff that establishes one or more of those factors is entitled to summary judgment. The appellate courts in the cases cited by the plaintiffs: reversed the grant of summary judgment for a defendant (Denaro); affirmed district court verdicts for the plaintiff (Barfield, Johnson, and Flynn); reversed a lower appellate court's dismissal of a report contesting the trial court's finding for the plaintiff, and entered judgment for the defendant (Gracey); and affirmed a jury verdict for the plaintiff on a negligence count and reversed the trial judge's entry of judgment for the defendant on other counts (Schuler).

Furthermore, the plaintiffs' claim that they "have demonstrated without doubt the presence of four of these factors" is not accurate.

The first "factor" identified by the plaintiffs is that there is "direct evidence that the defendant's food was tested and found to contain Salmonella bacteria." (Denaro) There is no such evidence in the record of this case.

The second "factor" identified by the plaintiffs is that there is "expert opinion as to causation" (Barfield and Schuler) There is no admissible competent testimony establishing that the plaintiff's gastrointestinal disease was caused by salmonella enteritidis contracted at the defendant's Inn.

The third "factor" is "proof that other patrons who ate the same food had also contracted Salmonella poisoning at the defendant's restaurant." (Johnson) The court in Johnson found that the three plaintiffs "each [ate] a frankfurt sandwich at the same time at a lunch stand, noticed a peculiar 'off color' taste and shortly afterwards became ill, and that except for the sandwiches they had not eaten the same food during the preceding fifteen hours." The plaintiffs' own evidence – the memorandum dated October 1, 2001 - notes that guests who did not eat the Béarnaise sauce became ill. Furthermore, the additional indicia of "off color taste" or other characteristic of contamination was not present in this case. The plaintiffs' reliance on this "factor" is misplaced both factually and legally.

The fourth "factor" is "evidence that the food had an abnormal or unwholesome appearance, taste or color." (Flynn, and Johnson). As noted above, there is no such evidence in the plaintiffs' evidence.

The fifth "factor" is "the incubation period for Salmonella is consistent with the onset of the Plaintiff's symptoms." (Gracey) As noted above, the appellate court in Gracey entered judgment for the defendant.

5

The plaintiffs' Motion, Memorandum and exhibits do not establish that the plaintiffs are entitled to partial judgment as a matter of law. There are numerous "material facts" about which there are genuine issues, as evidenced by the materials cited by the plaintiffs. There are other materials which are inadmissible hearsay.

For the reasons set forth above, the Plaintiffs' Motion for Partial Summary Judgment should be denied.

The Defendant,
By its Attorneys,

Scott J. Tucker - BBO# 503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

### CERTIFICATE OF SERVICE

I, Scott J. Tucker, hereby certify that I have on February 24, 2006 served the within:

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

by mailing a copy of same, postage pre-paid to the following counsel of record:

Donald L. Gibson, Esquire
Driscoll & Gibson
1000 Plain Street
Marshfield, MA 02050

Scott J. Tucker